IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY R. RILE and JULIA RILE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  06-52 |
| | ) |
| ALPHA TECHNOLOGIES, INC., t/d/b/a ALPHA | ) |
| TECHNOLOGIES, ALPHA TECHNOLOGIES and | ) |
| ALPHA TECHNOLOGIES SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Defendants move for the dismissal of demands for punitive damages set forth in a product liability case. Defendants argue that the facts as alleged do not support the imposition of punitive damages. I conclude that the facts, as alleged, do support the imposition of punitive damages and believe Plaintiffs are entitled to conduct discovery on the issue. Motion denied.

### OPINION

Plaintiff Timothy Rile ("Rile") was employed by Comcast Cable Communications, Inc. ("Comcast") as a line maintenance technician. His duties in that capacity required him, on occasion, to install, service, remove and transport uninterruptible power

1

supply units.  Those units were designed, manufactured, marketed and distributed by Defendants Alpha Technologies, Inc. t/d/b/a Alpha Technologies Services, Inc. ("Alpha").

On October 3, 2003, Rile attempted to move one of the power supply units from one truck to another.  As he lifted the unit, the left handle broke and / or failed and the unit fell onto Rile's left foot.  The unit, which weighs approximately 74 pounds, caused severe crush injuries.

Rile and his wife Julia Rile filed suit against Alpha in the Court of Common Pleas of Allegheny County, Pennsylvania, setting forth claims for strict liability, negligence, breach of warranties and loss of consortium.  In both the strict liability and negligence claims, Rile demands punitive damages. See Complaint, ¶¶ 24, 31.

Alpha, who removed the action to this Court on the basis of diversity jurisdiction,[1] seeks the dismissal of the demands for punitive damages.  Alpha reasons that the acts attributed to it in the Complaint are not of such an egregious nature so as to warrant the imposition of punitive damages. The Riles counter that a dismissal of the punitive damages demands at this juncture would be premature. As I agree with the Riles, the Motion to Dismiss is denied.

## STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most

---

[1] The Riles are residents of Pennsylvania, Alpha Technologies, Inc. is a citizen of Washington and Alpha Technologies Services, Inc. is a citizen of Nevada.

2

favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988).  I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46.  Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

As the Pennsylvania Supreme Court remarked last year:

> [t]he standard governing the award of punitive damages in Pennsylvania is settled.  Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the

> rights of others. ... As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.

<u>Hutchison v. Luddy</u>, 582 Pa. 114, 121, 870 A.2d 766, 770 (2005) (internal quotation marks and citations omitted). "Thus, in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." <u>Hutchison</u>, 582 Pa. At 124, 870 A.2d at 772 (citations omitted).

Here, the Riles argue that Alpha acted with reckless indifference to Timothy Rile's safety. More particularly, the Riles allege that Alpha designed, manufactured, marketed and sold a product which it knew, or should have known, was defective and posed a serious danger to the user. These allegations, if proven, could support an award of punitive damages. Indeed, if discovery reveals that Alpha knew that the handle on the unit was defectively designed, and that numerous people had been severely injured in precisely the same manner as had Rile, yet nevertheless failed to correct or warn of the defect, a jury could reasonably find that Alpha had acted willfully, wantonly, or recklessly. Thus, construing the allegations in a light most favorable to the Riles, and at this procedural juncture, when the Riles have not had the benefit of the discovery process, granting a dismissal of the punitive damages demand would be inappropriate.

<u>\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY R. RILE and JULIA RILE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-52 |
| | ) |
| ALPHA TECHNOLOGIES, INC., t/d/b/a ALPHA | ) |
| TECHNOLOGIES, ALPHA TECHNOLOGIES and | ) |
| ALPHA TECHNOLOGIES SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **27th** day of February 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss (Docket No. 3) is denied.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge